UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARS ICE CREAM COMPANY, INC., and
PARS ICE CREAM CALIFORNIA, INC.,

    Plaintiffs,

v.

CONOPCO, INC., d/b/a UNILEVER,

    Defendant / Counter-Plaintiff,

v.

DAVOUD SADEGHI, SHELLEY TRAYWICK,
PARS ICE CREAM COMPANY, INC., and
PARS ICE CREAM CALIFORNIA, INC.,

    Counter-Defendants.
_____/

Case No. 12-15598
HON. AVERN COHN

**MEMORANDUM ON PLAINTIFFS' OBJECTIONS TO
THE SPECIAL MASTER'S RECOMMENDATIONS**

**I. BACKGROUND**

On March 25, 2015, the Court appointed Michael Sapala as Special Master to: (1) resolve the parties' dispute over who owns which freezers in Michigan and the location of the Unilever-owned freezers, and (2) facilitate the return of the Unilever-owned freezers to Unilever. (See Doc. 151)

The parties submitted initial statements to the Special Master, met with the Special Master four times, and participated in four telephonic conferences. At their May 29, 2015 meeting, the Special Master requested that each party submit proposed factual findings; each side complied. During the June 24, 2015 meeting, the Special

1

Master heard arguments from the parties and objections to his recommendations. The Special Master issued his recommendations on June 25, 2014. (Doc. 156, Ex. 1) Unilever has submitted a proposed order to this effect.

## II. PARS' OBJECTIONS

### A.

#### 1.

The Special Master recommends that the Court enter an order finding that the freezers listed in Exhibit A to the Special Master's recommendations are owned by Unilever.

Pars objects, denying that all of the freezers on Exhibit A currently exist. This objection is overruled. As stated in the Special Master's recommendations, the dispute regarding the location of the Unilever-owned freezers, if they exist, is the subject of the document production process explained in the Special Master's recommendations. The existence and—if in existence—the location of such freezers are yet to be determined.

#### 2.

The Special Master next recommends that the Court order Pars, Mr. Sadeghi, and any entity affiliated with Mr. Sadeghi to stop servicing or stocking the freezers owned by Unilever.

Pars objects, stating that Mr. Sadeghi is only a party with respect to his personal guaranty. This objection is overruled. Although Sadeghi was named as third party in Unilever's Counter-Complaint (Doc. 116), Unilever alleges that Sadeghi, as President of Pars, is personally liable for Pars' breach of the freezer agreement. Sadeghi is

2

therefore not merely a party with respect to his personal guaranty.

**3.**

The Special Master next recommends that the Court enter an order directing all parties who are aware of the order not to interfere with Unilever's freezer ownership rights the freezer return process.

Pars objects, arguing that the Court cannot enter an order controlling parties who are not a party to this action. Plaintiff's objection is sustained. The Court will therefore order that '"all parties" are enjoined from interfering with Unilever's freezer ownership rights or the freezer return process.

**4.**

The Special Master next recommends that the Court order that Unilever be responsible for collecting its freezers from the marketplace and that Pars bear the costs associated with collecting the freezers, including, if necessary, paying retailers for the product in the freezers and moving the freezers to a location designated by Unilever.

Pars objects, stating that Unilever has waived the right to have Pars involved in the process of returning the Unilever-owned freezers. This objection is overruled.

The issue of waiver was the subject of the February 11, 2015 hearing related to Unilever's Motion for Sanctions (Doc. 135). Unilever moved for sanctions, arguing that Pars failed to comply with the Court's Order issued on October 15, 2014, directing Pars to return the Unilever-owned freezers still in its possession. (Doc. 132) Pars argued that a previous communication by Unilever relieved Pars of responsibility for returning the freezers to Unilever. To resolve this issue, the Court directed that Unilever would

3

itself be responsible for collecting its freezers from the marketplace—and that Pars bear the costs. (See Transcript, Doc. 148 at 13) The Special Master's recommendations reflect the Court's previous order on the matter.

**5.**

The Special Master recommends that the Court order that Pars pay the freezer return costs within 30 days of receipt of an appropriate invoice from Unilever.

Pars objects, stating that Unilever's proposed order goes outside the Special Master's recommendation and outside the pleadings. This objection is overruled. The text of Unilever's proposed order accurately reflects the Special Master's recommendations.

**6.**

Finally, the Special Master set forth an agreed-upon document production schedule, with the goal of resolving the dispute over the locations of the Unilever-owned freezers.

Pars objects, stating that it will comply with an order of this Court directing the parties to follow the Special Master's recommended document production schedule. Pars' objection is overruled. The parties are ordered to comply with the schedule set forth by the Special Master. To the extent certain dates have already passed,[1] the

---

[1] The Special Master stated that Unilever and Pars previously agreed on the following document production schedule: Unilever would submit to Pars a highlighted list of files that it wants Pars to produce by 12:00 p.m. on June 25, 2015. Pars would send its objections to Unilever and the Special Master by July 10, 2015. Mr. Scott Matthews, the computer expert, would produce any un-objected-to files to Unilever by July 17, 2015. Finally, if there was a dispute about the documents Pars objected to producing, the parties were to meet with the Special Master on July 22, 2015. As of the

4

parties shall confer with the Special Master to set alternative dates.

**B.**

Finally, Pars makes several additional objections to the Special Master's recommendations. First, Pars re-asserts the waiver issue, which, as discussed above, was resolved by this Court on February 11, 2015. Pars also objects that the Special Master did not call any witnesses; that the parties were in separate rooms with the Special Master acting as facilitator; and that the Special Master allowed into evidence photographs that were submitted by Unilever without any foundation. These objections are overruled. Finally, Pars says that there is a dispute as to the ownership and location of many of the freezers; this, as explained above, is the subject of the document production schedule set forth by the Special Master.

Finally, Pars objects to Unilever's request that Pars place funds into an escrow account. This was not a recommendation of the Special Master. This objection is sustained.

### III. CONCLUSION

The Court will therefore issue an order in accordance with the reasoning stated above.

SO ORDERED.

Dated: August 3, 2015
             <u>Avern Cohn        </u>
             United States District Judge

---

date of this order, these dates have passed and the Court has not been informed as to the parties' compliance with this production schedule.

5

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2015, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager