UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARS ICE CREAM COMPANY, INC., and
PARS ICE CREAM CALIFORNIA, INC.,

    Plaintiffs,

v.                                                                                          Case No. 12-15598
                                                                                            HON. AVERN COHN
CONOPCO, INC., d/b/a UNILEVER,

    Defendant / Counter-Plaintiff,

v.

DAVOUD SADEGHI, SHELLEY TRAYWICK,
PARS ICE CREAM COMPANY, INC., and
PARS ICE CREAM CALIFORNIA, INC.,

    Counter-Defendants.
_____/

**ORDER ADOPTING RECOMMENDATIONS OF SPECIAL MASTER**

**I.**

On March 25, 2015, the Court appointed Michael Sapala as Special Master to: (1) resolve the parties' dispute over who owns which freezers in Michigan and the location of the Unilever-owned freezers, and (2) facilitate the return of the Unilever-owned freezers to Unilever. (See Doc. 151)

The parties submitted initial statements to the Special Master, met with the Special Master four times, and participated in four telephonic conferences. At their May 29, 2015 meeting, the Special Master requested that each party submit proposed

1

factual findings; each side complied.  During the June 24, 2015 meeting, the Special Master heard arguments from the parties and objections to his recommendations,  The Special Master then issued his recommendations on June 25, 2015.  (Doc. 156, Ex. 1)

**II.**

Unilever has moved the Court to adopt the recommendations of the Special Master, to which Pars has filed a response and objections.  Pars objections to the Special Master's recommendations are addressed in a separate Memorandum. (Doc. 161)  The Court finds the objections lack merit.

**III.**

Accordingly, the Court adopts the recommendations of the Special Master and orders the following:

1. The freezers listed in Exhibit A to the Special Master's recommendation are deemed to be owned by Unilever;
2. Pars, Mr. Sadeghi, and any entity affiliated with Mr. Sadeghi are enjoined from servicing or stocking the freezers owned by Unilever;
3. All parties are enjoined from interfering with Unilever's freezer ownership rights or the freezer return process;
4. Unilever shall be responsible for collecting its freezers from where they are located.  Pars shall bear the costs associated with collecting the freezers, including, as necessary, paying retailers for the product in the freezers and moving the freezers to a location designated by Unilever;
5. Pars shall pay the freezer return costs within 30 days of receipt of an appropriate

invoice from Unilever;

6. All parties shall comply with the document production schedule set out by the Special Master on June 25, 2015, with the goal of resolving the dispute over the locations of the Unilever-owned freezers. However, to the extent certain dates have already passed, the parties shall confer with the Special Master to set alternative dates.

SO ORDERED.

        s/Avern Cohn
        Avern Cohn
        United States District Judge

Dated: August 3, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2015, by electronic and/or ordinary mail

        s/Julie Owens
        Case Manager