UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARS ICE CREAM COMPANY, INC.,
a Michigan corporation, and
PARS ICE CREAM CALIFORNIA, INC.,
a Michigan corporation,

    Plaintiffs,

-vs-                                     Case No. 12-15598
                                        Hon: AVERN COHN

CONOPCO, INC., d/b/a UNILEVER,

    Defendant/Counter-Plaintiff,

-vs-

DAVOUD SADEGHI, SHELLEY
TRAYWICK, PARS ICE CREAM
COMPANY, INC., and PARS ICE
CREAM CALIFORNIA, INC.,

    Counter-Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This is a highly-fought business dispute. Unilever manufactured ice cream which Pars distributed. Unilever owned the freezers which Pars placed in retail stores. Over the course of the relationship, Unilever furnished Pars with over 1,500 freezers which Pars placed. This lawsuit followed the breakup of the relationship. After the relationship terminated, a dispute arose over which party was responsible for returning the freezers to Unilever. To resolve the dispute, the Court appointed a special master "to assist the parties in resolving freezer return issues." The Special Master's

Recommendations (Doc. 156-1) resulted in the Order Adopting Recommendations of Special Master (Doc. 162). Under the order, it is the obligation of Unilever to collect the freezers, and Pars' obligation to pay the costs associated with collecting them, as well as paying retailers for any product still in the freezers. Pars has moved for reconsideration of the order, raising a number of objections (Doc. 165).

The Court does not understand the objections. The special master's recommendations include a provision reading as follows:

> With respect to the dispute over the locations of the freezers, the parties have agreed to the following process in which Pars will produce additional records that may contain information about the location of the Unilever owned freezers: Unilever will highlight the files on the file list produced by Stott [sic] Matthews that it wants Pars to produce. Unilever will send that highlighted list to Pars by 12:00 pm on June 25, 2015. Pars will then send its objections to Unilever and the Special Master by July 10, 2015. Mr. Matthews will produce any un-objected to files to Unilever by July 17, 2015. If there is a dispute about documents Pars objects to producing, the parties will meet with the Special Master on July 22, 2015.

There is nothing said in the motion for reconsideration about this provision, and whether or not the process described above has been followed. Obviously, to the extent Unilever continued to sell ice cream to a new distributor who continued to sell to the retailers once supplied by Pars with freezers, such freezers need not be returned. Only freezers, the use of which have been discontinued, are subject to return.

There is no good reason to reconsider the order; the motion is DENIED.

If the parties are still in disagreement as to the status of the freezers, and the parties are still disputing their responsibilities, the Court will consider the future course of the "return of freezers" aspect of the case at the upcoming status conference on September 08, 2015.

SO ORDERED.

Dated: August 19, 2015

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

S:\WestKM\OPINIONS\August 2015\12-15598reconsiderationorder.wpd