UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARS ICE CREAM COMPANY, INC.,
a Michigan corporation, and
PARS ICE CREAM CALIFORNIA, INC.,
a Michigan corporation,

    Plaintiffs,

v.                                                                                                  Case No. 12-15598

CONOPCO, INC., d/b/a UNILEVER,

    Defendant/Counter-Plaintiff,                                      HON. AVERN COHN

v.

DAVOUD SADEGHI, SHELLEY
TRAYWICK, PARS ICE CREAM
COMPANY, INC., and PARS ICE
CREAM CALIFORNIA, INC.,

    Counter-Defendants.

_____/

**<u>ORDER GRANTING UNILEVER'S MOTION TO AMEND THE JUDGMENT (Doc. 219)</u>**

### I.    INTRODUCTION

This is a motion by Defendant Conopco, Inc., d/b/a Unilever (Unilever) to amend the judgment entered in this case, (Doc. 219). The case concerns a commercial dispute between Unilever—an ice cream manufacturer—and its distributor—Plaintiffs Pars Ice Cream Company, Inc. and Pars Ice Cream California, Inc. (Pars).

The case was tried over the course of a 13-day bench trial, after which the Court issued a decision awarding Unilever damages. The award included $715,336 for unpaid product invoices and $1,282,373 for unauthorized deductions under the parties'

distribution agreements—totaling $1,997,709, (Doc. 206).[1]  A final judgment was entered on July 14, 2016 pursuant to Fed. R. Civ. P. 54(b), (Doc. 213).  In the judgment, the Court said it "shall maintain continuing jurisdiction over this action for the purpose of enforcing this Judgment" and noted the following:

> Unilever has also included prejudgment interest in the amount of $932,292.22 in the form of judgment presented to the Court, citing "N.Y. C.P.L.R. § 5001 and § 5004" in support.  Given the parties' historical relationship which is based on an open account and considering that Unilever did not request interest on past due invoices in its billings and made no mention of interest during trial, the judgment does not contain an award of prejudgment interest.  Unilever must move separately justifying the imposition of prejudgment interest under the circumstances.

(Doc. 213 at 2 n.1).

## II. MOTION

Unilever says it is entitled under New York law to pre-judgment interest on the unpaid invoices and unauthorized deductions for which it was awarded damages. Unilever attaches a spreadsheet reflecting the interest calculations for Pars's unpaid obligations dating back to each invoice and deduction at issue.  Based on these calculations, Unilever seeks $932,292 in pre-judgment interest.

Pars responds that interest should not be traced back as early as the dates of each invoice and deduction.  It reasons this is inconsistent with the Court's observations in its rulings that the parties operated under an open account in their course of dealing.

## III. RELEVANT LAW

The award of pre-judgment interest is "mandatory" under New York law for claims of breach of contract.  *J. Barrows, Inc. v. Uvino*, 514 F. App'x 23 (2d Cir. 2013);

---

[1] The award also included $467,070, which accounted for an unpaid California judgment Unilever had secured against Pars.

2

*see also* N.Y. C.P.L.R. § 5001(a).  The statutory interest rate is 9% annually. N.Y. C.P.L.R. § 5004.  Interest must be computed "from the earliest ascertainable date the cause of action existed."  *Id.* § 5001(b).

## IV.   ANALYSIS

Unilever is entitled to pre-judgment interest under New York law, which governs the distribution agreements from which this dispute arose.  Per the terms of the Court's July 14, 2016 judgment, the Court retains jurisdiction to award pre-judgment interest.

Unilever says interest should accrue starting before the termination of the parties' distribution agreements.  The realities of the parties' relationship, however, do not support this.  As reflected in the Court's rulings, the parties' pre-termination course of dealing was based on an open account in which trade negotiations were ongoing and Unilever did not seek interest from Pars.  Moreover, as reflected in the Court's decision, damages for Pars's debts to Unilever were computed as of the time of the termination.

For these reasons, the Court will apply a 9% annual interest rate to the $1,997,709 in damages for Pars's unpaid obligations for the period of 2013-2016.  This amounts to $719,175.

## V.   CONCLUSION

Unilever's motion to amend the judgment is partially GRANTED.  The judgment of July 14, 2016 will be amended *nunc pro tunc* to include $719,175 in pre-judgment interest.  This amount is to be paid by Pars in connection with its unpaid obligations to Unilever under the distribution agreements.

SO ORDERED.

          <u>s/Avern Cohn</u>
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: November 14, 2016
      Detroit, Michigan