UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARS ICE CREAM COMPANY, INC.,
a Michigan corporation, and
PARS ICE CREAM CALIFORNIA, INC.,
a Michigan corporation,

    Plaintiffs,

v.                                                  Case No. 12-15598

CONOPCO, INC., d/b/a UNILEVER,

    Defendant/Counter-Plaintiff,                HON. AVERN COHN

v.

DAVOUD SADEGHI, SHELLEY
TRAYWICK, PARS ICE CREAM
COMPANY, INC., and PARS ICE
CREAM CALIFORNIA, INC.,

    Counter-Defendants.

_____/

**ORDER GRANTING UNILEVER'S MOTION FOR ATTORNEY'S FEES (Doc. 220)**

### I.    INTRODUCTION

This is a motion for attorney's fees by Defendant Conopco, Inc., d/b/a Unilever (Unilever), (Doc. 220). This case, a commercial dispute between Unilever—an ice cream manufacturer—and its distributor—Plaintiffs Pars Ice Cream Company, Inc. and Pars Ice Cream California, Inc. (Pars), was tried over the course of a 13-day bench trial.

On June 20, 2016, the Court issued a decision awarding Unilever $2.4 million in damages for the unpaid contractual obligations of Pars, (Doc. 206). A final judgment was entered on July 14, 2016 pursuant to Fed. R. Civ. P. 54(b), (Doc. 213).

## II. MOTION

Unilever says it is entitled to $2.3 million in attorney's fees. Unilever notes that payment of reasonable attorney's fees to a prevailing party is required by the parties' distribution agreements and by New York law, which governs those agreements. In addition to reams of attorney time logs and invoices, Unilever attaches a summary of hours' work completed and rates charged by partner, associate and paralegal. Unilever notes some of the charged rates are above the local prevailing rates.

Pars responds that the prevailing Michigan hourly attorney rates should apply. Pars says these rates, which differentiate between partners and non-partners, adequately capture the complexity of this case and experience of Unilever's attorneys.

## III. RELEVANT LAW

Under New York law, "when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987). In assessing reasonableness, courts consider "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved." *Id.*

## IV.  ANALYSIS

Unilever is entitled to reasonable attorney's fees under the distribution agreements and New York law.  According to its attached summary, Unilever billed for 1,025 hours of partner work, 3,352 hours of associate work, and $186,376 for paralegal work in this case.

Although Unilever quotes hourly billing rates more than double those prevailing for partners and associates in Michigan, the Court is satisfied the median prevailing rates capture the complexity of this case and experience of lawyers involved.  According to the State Bar of Michigan's *2014 Economics of Law Practice Report*, the median hourly rate for equity partners is $310, and for associates is $208.  Applying these rates to the hours reported, the partners' work amounts to $317,700 and associates' work to $697,200.  When combined with the paralegal work, the total is $1.2 million.

## V.  CONCLUSION

Unilever's motion is partially GRANTED.  Unilever is awarded $1.2 million as attorney's fees.  An amended and supplemental judgment will be entered.

SO ORDERED.

                                                    s/Avern Cohn
                                                    AVERN COHN
                                                    UNITED STATES DISTRICT JUDGE

Dated:  November 14, 2016
       Detroit, Michigan